UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

MARGARITA BAZZE,

      Plaintiff,

v.

HOLY CROSS HOSPITAL, INC.,
A Florida Not For Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARGARITA BAZZE ("Ms. Bazze or Plaintiff") files this Complaint against Defendant, HOLY CROSS HOSPITAL, INC., ("Defendant"), and states as follows:

## INTRODUCTION

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Americans with Disabilities Act, 42 U.S.C. § 12101 et seq, ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

2.    The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

3.     The Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq.*

4.     The Court also has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same operative facts and circumstances as her FMLA/ADA claims.

5.     At all times relevant hereto, Plaintiff was an employee of Defendant.

6.     Plaintiff worked for Defendant in Broward County, Florida, and this venue, therefore is proper.

7.     Defendant is a Florida nonprofit corporation that provides healthcare services in, among others, Broward County, Florida, and is therefore within the jurisdiction of the Court.

8.     At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10.     Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

      a.     Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b.    Plaintiff suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of her disability or "perceived disability."

11.    Defendant was at all times an "employer" as envisioned by the ADA as well as §760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12.    On or around July 16, 2018, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13.    More than 180 days have passed since the filing of the Charge of Discrimination.

14.    On February 18, 2020, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

15.    Plaintiff timely files this action within the applicable period of limitations against Defendant.

16.    All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17.    Plaintiff worked as a Hospitality Concierge/ Patient Services for the Defendant from September 2011, until her wrongful termination on May 15, 2018.

18.    Ms. Bazze was an excellent employee with no significant history of performance, attendance or disciplinary issues, and who constantly received praise for her performance throughout her tenure.

19.     Unfortunately, Plaintiff suffers from severe epilepsy, which is a protected disability under the FCRA/ADA, and a serious health condition under the FMLA.

20.     Further, in December 2017, Ms. Bazze experienced an unexpected epileptic seizure which caused a severe shoulder injury, for which is a serious health condition under the FMLA due to her required surgery.

21.     On February 16, 2018, Ms. Bazze advised Holy Cross Director, Dr. Manuel Mantecon ("Dr. Mantecon"), and Human Resources, of her upcoming shoulder surgery and requested medical leave for same.

22.     At Dr. Mantecon's direction, Ms. Bazze emailed Employee Health staff and Dr. Mantecon, and provided her upcoming surgery date. However, as the surgery date neared, Ms. Bazze's health deteriorated and she was no longer medically fit to undergo surgery on the scheduled date. As such, Ms. Bazze's surgery was rescheduled for a later date

23.     On March 19, 2018, Ms. Bazze provided Dr. Mantecon with the requisite FMLA paperwork.

24.     To her surprise, Dr. Mantecon responded in an aggressive and intimidating manner, and alleged that Ms. Bazze failed to provide him adequate notice regarding medical leave.

25.     This demeaning/aggressive conduct toward Ms. Bazze, immediately after Ms. Bazze provided him with FMLA paperwork, unquestionably amounts to unlawful interference and retaliation under the FMLA.

26.     Ms. Bazze, nonetheless, applied for, and was approved for FMLA leave beginning March 23, 2018, and she returned to work on April 30, 2018.

27.     Prior to her official return to work date, Ms. Bazze met with Employee Health on April 27, 2018, at which time she was cleared to return to work on April 30, 2018; Ms. Bazze provided Holy Cross with a doctor's note and confirmed her return three (3) days later.

28.     Immediately upon her return, Ms. Bazze was met with disdain and hostility; Dr. Mantecon's first words to Ms. Bazze were "I did not clear you, you are using a sling, go to Employee Health."

29.     Accordingly, Ms. Bazze went to Employee Health and requested a workplace accommodation that would allow her to return to work, with her post-surgical restrictions. In response, Ms. Bazze was told that Holy Cross was under no obligation to provide workplace accommodations since her injury did not occur at work.

30.     An employer is required to provide its disabled with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

31.     Ms. Bazze is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of her job as a Hospitality Concierge/ Patient Services.

32.     This accommodation would have imposed no undue hardship on Defendant.

33.     Initially, Ms. Bazze was denied her requested reasonable accommodation, in violation of the ADA/FCRA.

34.     By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the Florida Civil Rights Act.

35.     "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B)

36.     During the months leading to her termination, Ms. Bazze was treated in a discriminatory/retaliatory manner and she ultimately was terminated as a result, on May 15, 2018.

37.     Defendant's termination of Ms. Bazze stemmed from its discriminatory animus toward her use of FMLA leave and need for accommodation under the ADA/FCRA.

38.     The timing of her termination makes the causal connection between her use of FMLA, her request for reasonable accommodations under the ADA/FCRA, and her termination sufficiently clear.

39.     As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

40.     Also, as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing proper and authorized FMLA leave.

41.     Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation and disability discrimination and retaliation.

42.     Defendant did not have a good faith basis for its actions.

43.     Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

44.     Additionally, the facts surrounding Plaintiff's termination also create a strong inference of disability discrimination/retaliation in violation of the ADA/FCRA.

45.     The Defendant was aware of Plaintiff's ADA/FCRA-protected medical condition and need for accommodation.

46.     Defendant, however, being well-aware of Plaintiff's condition, discriminated against Plaintiff for taking FMLA leave to seek treatment and for requesting reasonable accommodations.

47.     In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Ms. Bazze based solely upon her disability.

48.     At all material times hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position, with "reasonable accommodation."

49.     Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

50.     Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

51.     Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

52.     Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

53.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment.  Therefore, she is protected class member as envisioned by the ADA and the Florida Civil Rights Act.

54.     Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination, because of her disability and/or "perceived disability."

55.     As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

## COUNT I
## <u>UNLAWFUL INTERFERENCE UNDER THE FMLA</u>

56.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5-9, 17-26, 36-43, 46, and 55 above.

57.     At all times relevant hereto, Plaintiff was protected by the FMLA.

58.     At all times relevant hereto, Defendant interfered with Plaintiff by having an aggressive and hostile demeanor in response to Plaintiff's request and use of FMLA.

59.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

60.     As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

61.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## <u>UNLAWFUL RETALIATION UNDER THE FMLA</u>

62.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 2, 5-9, 17-26, 36-43, 46, and 55 above.

63.     At all times relevant hereto, Plaintiff was protected by the FMLA.

64.     At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use and/or use of FMLA protected leave.

65.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

66.     At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

67.     As a result of Defendant's intentional, willful and unlawful acts by retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

68.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

69.     Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4-7, 10-16, 19, 21, 22, 27-38, 41-55 above.

70.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

71.     The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

72.     Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

73.     The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

74.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE ADA BASED ON DISABILITY

75.     Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4-7, 10-16, 19, 21, 22, 27-38, 41-55 above.

76.     Plaintiff was terminated within close temporal proximity of her objection to Defendant that she felt she was being discriminated against based on her disability.

77.     Plaintiff's objections constituted protected activity under the ADA.

78.     Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

79.     Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

80.     Defendant's stated reasons for Plaintiff's termination are a pretext.

81.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

82.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

83.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT V**
**DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY**

84.     Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4-7, 10-16, 19, 21, 22, 27-38, 41-55 above.

85.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

86.     The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

87.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

88.     The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

89.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

90.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

91.     Plaintiff realleges and adopts the allegations contained in paragraphs 1, 2, 4-7, 10-16, 19, 21, 22, 27-38, 41-55 above.

92.     Plaintiff was terminated within close temporal proximity of her objection to Defendant that she felt she was being discriminated against based on her disability/handicap.

93.     Plaintiff's objections constituted protected activity under the FCRA.

94.     Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination.

95.    Plaintiff's objections to Defendant's illegal conduct, and her termination, are causally related.

96.    Defendant's stated reasons for Plaintiff's termination are a pretext.

97.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

98.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

99.    Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

100.    Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 12th day of May 2020.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**